■ In the Matter of the Claim of ANNA SCHUTZEL, Respondent, v. GELOBTERS DISTRIBUTORS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. On this appeal from a decision awarding death benefits on the finding that decedent's work efforts on the day preceding his death were "sufficiently strenuous and exerting" to precipitate a fatal acute myocardial infarction, appellants contend that the work was not "so laborious or strenuous as to constitute accident" and assert, further, that the medical evidence of causal relationship "would appear to be insubstantial". Decedent, a clerk in a retail store, on the day of his death handled some 15 cartons of merchandise varying in weight from 10 or 12 pounds to 30 or 35 pounds, some of them bulky. Working from a stepladder, he placed 5 of the cartons, which he had carried to the main floor of the store, on shelves about 10 feet from the floor, working with arms above his head and stacking the cartons, and moving and rearranging other cartons already in place, to a depth of 5 feet on the shelves. In the course of this work he appeared to be out of breath; he was puffing and perspiring; he complained of chest pain; but after resting continued his work in the basement by carrying and putting away the remaining 10 cartons, without assistance. Arriving home in the evening, he was "exhausted", complained of chest pain and could not eat. In the morning he complained of slight pain before leaving for the store, and later said to a coemployee that he was tired and did not feel well. He was sent on an errand to another store, four or five blocks away, and shortly after his arrival there collapsed and died. Claimant's medical expert testified to causal relationship, stating that the work of bending, and of stacking and lifting cartons and climbing ladders, and the effort of performing similar duties after going to the basement, caused irreversible heart injury and damage and that his continued work effort brought on the final attack, when rest might have arrested the progress of the condition and "perhaps" have averted the final and fatal incident. We perceive no basis upon which we could properly hold that, as a matter of law, the exertion proven to the satisfaction of the board did not, under the authorities, constitute excessive strain; nor any ground upon which we could properly find

the medical proof of causation less than substantial, as against appellants' expert's denial of causation, which the board was entitled to reject. The work in this case was surely no less strenuous than that of the store clerk whose work effort in shifting boxes of shoes caused his collapse next day from a heart attack, upon which an award was predicated, and sustained on appeal. (*Matter of Farber* v. *Harbor Shoes Co.*, 12 A D 2d 578, revd. on other grounds 10 N Y 2d 875, 22 A D 2d 722, affd. 16 N Y 2d 634.) The exertion of similar work, often with arms extended above shoulder level, has been found sufficient to sustain awards in many heart cases. (See, e.g., *Matter of Cronberg* v. *Lenmar Holding Corp.*, 17 A D 2d 885, and cases there cited.) The award is further supported by the line of cases holding that an employee's " continuance of work involving physical exertion after he suffered an attack in the course of employment is a sufficient identification of the event in time and circumstance, to constitute an accident where it is followed soon after by a serious coronary condition and both are associated by medical opinion." (*Matter of Carlin* v. *Colgate Aircraft Corp.*, 276 App. Div. 881, affd. 301 N. Y. 754; *Matter of Pauson* v. *Manger Vanderbilt Hotel*, 7 A D 2d 686, mot. for lv. to app. den. 5 N Y 2d 710.) While appellants stress their medical expert's testimony that he would " consider " causal relationship only " if the death occurred simultaneously or immediately after some particular incident ", medical opinion that a relatively substantial time lapse may occur has been accepted by the board and approved by the courts in a number of cases. (See, e.g., *Matter of Bleich* v. *63rd Bldg. Corp.*, 15 A D 2d 584, mot. for lv. to app. den. 11 N Y 2d 643.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, Taylor, Aulisi and Hamm, JJ., concur.